The opinion of the Court, was delivered by
Hornblower, C. J.
Landis, the plaintiff below, demanded *303 of Saxton, thirty dollars, First, for that one William Vandervere being indebted to the plaintiff in twenty-five dollars, on a book account, the defendant in consideration thereof, and that the plaintiff would release and discharge the said Vandervere from the payment of the same, undertook and promised to pay the defendant (meaning no doubt the plaintiff) the said debt, and avers that ho, the plaintiff, did discharge the said Vandervere from the payment thereof, &c. whereby, Ac.
Secondly, For that the said Vandervere being so indebted to the plaintiff) the defendant in consideration that the plaintiff would forbear to prosecute the said Vandervere therefor, undertook and promised the plaintiff, to pay him the said debt; and avers that he did forbear, &c. whereby, &c.
Thirdly. For that the said Vandervere being indebted to the plaintiff as aforesaid, for goods, &c. sold and delivered by the plaintiff to the said Vandervere, the defendant in consideration thereof, and that the said goods &o. were delivered over to him “ by the said Vandervere, or by the plaintiff) undertook and promised to pay the said debt; and the plaintiff avers that the said goods, &c.” were delivered over to the defendant, whereby, &c. These promises are laid on the first of June, 1832.
And lastly, The plaintiff claims a small account of eighty-seven and a half cents, which he has against the defendant.
On the trial before the J ustice, the plaintiff’ below, instead of a book account against Vandervere, or a claim for goods sold and delivered to him, offered, and the Justice received in evidence, a judgment recovered by the plaintiff against Vandervere, by confession, the twenty-second of June 1832, before George Rea, a Justice of the Peace, for twenty-three dollars eighty-seven and a half cents with costs, and an execution which had been issued thereon to William Bradshaw, a constable, on the second of July, 1832.
It is hardly necessary to say that this judgment and execution did not support the plaintiff’s allegations. If they are true, it was a book account, or an account for goods sold and delivered, which the defendant promised to pay for, and there is no allegation whatever that he promised to pay off a judgment and execution against Vandervere. But again, the first promise is laid in consideration that the plaintiff would release and discharge Van *304 dervere &c. and- this promise is said to have been made on the first of J one, 1832, and the plaintiff avers that he did on that day-release him : and yet on this trial, he produces a judgment and execution in full force against Vandervere! Not only so, but the second promise, also laid on the first of June 1832, was made, the plaintiff says, in consideration that he would forbear to prosecute Vandervere, and yet by his own shewing, he soon after-wards, to wit on the twenty-second of June and second of July, 1832, did prosecute him to judgment and execution 1 As to the third promise in consideration that the goods were delivered to the defendant, by the plaintiff or Vandervere, there was no evidence given, so far as appears. William Bradshaw and some other witnesses were sworn and examined on the part of the plaintiff, and the jury rendered a verdict in his favour, for twenty-five dollars, for which, he recovered judgment with costs.
From this judgment, Saxton appealed, and the appeal came on to be heard upon a state of the case made by the parties, on the twenty-first of September 1835, when the Court of Common Pleas ordered “ that the judgment below be affirmed with costs.”
This being the form in which the judgment of the Common Pleas has been entered in this case, it must be reversed upon the •authority of repeated decisions of this Court—Woodruff v. Badgely, 7. Halst. 367; Darnell v. Lee, Id. 368 ; Hann v. Gosling, 4 Halst. 248. In Hendricks v. Craig, 2 South. R. 567, the proper form of entry is given by the Court.
But it may prevent further litigation between the parties, to remark, that the promise, if any, made by the defendant, (ex-cepfas to eighty-seven and a half cents) was to pay a debt due the plaintiff from another man; and yet the plaintiff fails to produce or shew that the defendant or any person by him authorized to do so, ever signed any memorandum or note in writing, of such promise, as is required by the statute of frauds and perjuries. (Rev. Laws, 152, Sect. 14.) And it may be added with great propriety, that none of the evidence in the state of the case, supported in any manner, the plaintiff’s state of demand.
Upon every ground, therefore, the judgment must be reversed.
Ford, J. and Rybrson, J. concurred.

Judgment Reversed.